John **PHILLIPS, Jr.,** Appellant,

v.

**NABORS ALASKA DRILLING, INC., State of Alaska Workers' Compensation Board and the Superior Court for the State of Alaska, Appellees.**

No. S–1694.

Supreme Court of Alaska.

Aug. 7, 1987.

---

**4.** The same reasoning applies with respect to our affirmance of the superior court's decision.

William J. Soule, Clark, Walther & Flanigan, Anchorage, for appellant.

Michael Budzinski, Stone, Waller & Jenicek, Anchorage, for appellee Nabors.

Before RABINOWITZ, C.J., and BURKE, MATTHEWS, COMPTON and MOORE, JJ.

## OPINION

MOORE, Justice.

### I. INTRODUCTION

Alaska Statute 23.30.155(e) imposes a penalty on employers who fail to pay or controvert, within certain time limits, an employee's workers' compensation claim that is "payable without an award".[1] The issue posed by this appeal is whether an employer who paid compensation calculated under AS 23.30.220(a)(1)[2] can be penalized if the Alaska Workers' Compensation Board (AWCB) later determines that a higher rate of compensation (calculated under AS 23.30.220(a)(2))[3] is appropriate. We

---

1. AS 23.30.155(f) provides a similar penalty for failure to pay compensation which is payable under the terms of an award. Nabors undisputedly paid the higher compensation when the Alaska Workers' Compensation Board ordered it.

2. AS 23.30.220(a)(1) provides in part:
   The gross weekly earnings shall be calculated as follows:

   (1) The gross weekly earnings are computed by dividing by 100 the gross earnings of the employee in the two calendar years immediately preceding the injury.

3. AS 23.30.220(a)(2) provides:
   If the board determines that the gross weekly earnings at the time of the injury cannot be fairly calculated under (1) of this subsection, the board may determine the employee's gross weekly earnings for calculating compensation

hold that compensation calculated under AS 23.30.220(a)(2) is not "payable" for the purpose of the penalty until *awarded* by the AWCB; therefore, no penalty can be imposed under AS 23.30.155(e) on an employer who pays compensation calculated under AS 23.30.220(a)(1).

## II.  FACTS AND PROCEEDINGS

John Phillips, Jr. was injured while working as an oil field employee of Nabors Alaska Drilling, Inc. (Nabors). He was totally disabled from January 18, 1985 until June 11, 1985. Phillips was classified as having a temporary total disability (TTD). TTD benefits are calculated at 80% of the employee's "spendable weekly wage" as determined under AS 23.30.220. AS 23.30.-185.

Based on wage information for prior years provided by Phillips, Nabors calculated his spendable weekly wage under AS 23.30.220(a)(1), except that it used the years 1982 and 1983 rather than the years 1983 and 1984 as called for by statute. The use of his 1982 and 1983 earnings increased Phillips' benefits because his 1984 income was "negligible" in documented earnings and totalled only $10,000 in undocumented earnings.[4] On March 19, 1985, Phillips submitted a claim for adjustment of his compensation to reflect his actual wage at the time of the injury, pursuant to AS 23.30.220(a)(2). Nabors responded with an answer denying the claim on April 1. The AWCB ruled in favor of Phillips. It also awarded Phillips the 20% penalty pursuant to AS 23.30.155(e), plus costs and attorney's fees.

Nabors appealed the penalty decision, but not the compensation award, to the superior court. The court reversed the AWCB on the penalty issue, holding that Nabors did not fail to pay or controvert a claim "due without an award" because Na-bors was not obligated to pay the higher rate as calculated under subsection (a)(2) before the AWCB awarded the higher sum. The court also held that Nabors had adequately controverted the claim within the statutory time limit.  Phillips appeals.

## III.  DISCUSSION

Alaska Statute 23.30.155(e) is one of several provisions in the Alaska Workers' Compensation Act that directly penalize employers for failure to comply with the Act's requirements.[5] The statute provides:

(e) If any installment of compensation payable without an award is not paid within seven days after it becomes due, as provided in (b) of this section, there shall be added to the unpaid installment an amount equal to 20 percent of it. This additional amount shall be paid at the same time as, and in addition to, the installment, unless notice is filed under (d) of this section or unless the nonpayment is excused by the board after a showing by the employer that owing to conditions over which the employer had no control the installment could not be paid within the period prescribed for the payment.

Subsection (d) requires notice as follows:

(d) If the employer controverts the right to compensation the employer shall file with the board and send to the employee a notice of controversion on or before the 21st day after the employer has knowledge of the alleged injury or death. If the employer controverts the right to compensation after payments have begun, the employer shall file with the board and send to the employee a notice of controversion within seven days after an installment of compensation payable without an award is due.

The statute imposes the penalty if (1) the employee is entitled to compensation with-

---

by considering the nature of the employee's work and work history.

**4.** Phillips, an oil field employee since 1974, had abandoned oil field employment in 1983 and 1984 in order to attempt to go into business for himself. He was unsuccessful. Nabors' decision to use 1982–1983 earnings was gratuitous.

**5.** Others include AS 23.30.155(c) (civil penalty of up to $1000 for failure to file reports); AS 23.30.155(f) (20% penalty on unpaid awards payable under the terms of an award); AS 23.-30.145 (awarding attorney's fees to claimants); AS 23.30.255 (felony liability for failure to pay compensation due).

out an award; (2) the employer does not pay it within seven days of the time it becomes due; (3) the employer does not controvert the employee's right to compensation within 21 days or within seven days if the employer has previously made compensation payments, and (4) the AWCB has not excused nonpayment due to circumstances beyond control of the employer.

The AWCB imposed the penalty against Nabors without significant explanation. The board found that "a penalty is warranted ... because the defendant neither paid nor controverted the claim after being notified on March 19, 1985 (AS 23.30.-155(e))." [6]

On appeal, the superior court held that the increased compensation granted to Phillips was not "payable without an award" because the grant was dependent on a "board determination." The court stated that "[p]enalties are to be strictly construed, even when the ameliorative benefit of the ultimate goal of the penalty is to be encouraged," and found that the statute was not intended to be applied where payments were not due automatically. The court also held that Nabors had adequately controverted the claim. We find that the increased compensation was not payable without an award; therefore, we affirm.

Phillips argues that case law construing AS 23.30.220 establishes clearly that an employee whose past years' earnings in a field reflect lower wages paid in the "Lower 48," but who earned higher wages in Alaska in the same field at the time of the injury, must have his weekly spendable wage calculated under subsection (a)(2) based on his wages at the time of the injury.[7] Phillips asserts that employers and their workers' compensation carriers are fully aware of this requirement, but refuse to pay the higher rate unless the employee takes the matter before the AWCB. Injured employees will thus be subject to the delay and expense of a board hearing, or may simply accept the lower rate of compensation, unaware that they may be entitled to the higher rate. Phillips argues that by attaching the risk of the penalty to the employer's decision, this court will motivate him to pay the injured employee fairly from the start.

The statutory penalty applies only if the compensation in dispute before the AWCB was "payable without an award." Although this court has reviewed penalties assessed under AS 23.30.155(e) in the past,[8] we have not previously construed this language.

Alaska Statute 23.30.220(a)(2) states:

---

**6.** The AWCB order originally stated that the penalty was denied. However, this order was corrected by a signed "errata sheet" dated September 30, 1985.

**7.** In *Johnson v. RCA-OMS, Inc.,* 681 P.2d 905 (Alaska 1984), we construed an earlier version of AS 23.30.220 in which the alternative wage calculation was stated as "the usual wage for similar service rendered by paid employees under similar circumstances." AS 23.20.220(3) *repealed by* ch. 70, § 12, SLA 1983. We held that the AWCB must use subsection (3) to calculate the spendable weekly wage of an employee whose wage at the time of his injury was significantly higher than the calculation based on past wages (under then subsection (2)) would reflect. *See also Deuser v. State,* 697 P.2d 647 (Alaska 1985); *Brunke v. Rogers & Babler,* 714 P.2d 795 (Alaska 1986). Because both the former statute and the current statute provide for use of the alternative wage calculation "[i]f the board determines that the wage at the time of the injury cannot be fairly calculated under [the mechanical-historical wage method]," we endorse the use of the *Johnson* analysis to determine wheth-

er the alternative wage calculation of AS 23.30.-220(a)(2) is to be used.

However, while the earlier version of the statute provided that the alternative wage calculation was to be based on "the usual wage for similar service rendered by paid employees under similar circumstances," former AS 23.30.-220(3), the new statute provides that "the board may determine the employee's gross weekly earnings for calculating compensation by considering the nature of the employee's work and work history." AS 23.30.220(a)(2). The distinction emphasizes the point that the AWCB has considerable discretion to determine gross weekly earnings under subsection (a)(2).

**8.** In *Wilson v. Erickson,* 477 P.2d 998, 1004 (Alaska 1970), this court upheld the penalty where the employer had ceased making payments (earlier version of statute). We reversed the penalty award in *Morrison-Knudsen Co. v. Vereen,* 414 P.2d 536, 545–46 (Alaska 1966). In *Stafford v. Westchester Fire Ins. Co. of New York, Inc.,* 526 P.2d 37, 42 (Alaska 1974), we held that the penalty provision of AS 23.30.-155(e) did not preempt tort remedies.

*If the board determines* that the gross weekly earnings at the time of the injury cannot be *fairly* calculated under (1) of this subsection, *the board may determine* the employee's gross weekly earnings for calculating compensation by considering the nature of the employee's work and work history.

(Emphasis added.)

Although *Johnson* and its progeny require the AWCB to apply subsection (a)(2) in cases like Phillips', the statute plainly imposes the duty to determine whether to use the subsection (a)(2) method of calculation, and if so, how to calculate the result, solely upon the AWCB. There are two reasons for this conclusion.

■ First, the statute states that the AWCB is empowered to "determine[ ] that the gross weekly earnings at the time of injury cannot be fairly calculated under (1) ..." AS 23.30.220(a)(2). This provision does not prevent an employer from choosing to pay benefits at a higher rate than the calculation of (a)(1) would give.[9] In order to impose a penalty, however, we must find that the statute *requires* an employer to pay the higher benefit. The statute does not do so. Moreover, the determination of whether the subsection (a)(1) benefit is "unfair" cannot reasonably be placed on the employer, whose interest in the matter conflicts with the employee's.

Second, the resulting calculation under subsection (a)(2) is not mechanical, but demands that the AWCB "consider[ ] the nature of the employee's work and work history." Although an employee's weekly wage for a given week may be easy to calculate, this does not mean that his "work and work history" would substantiate a finding that that wage would have continued for the duration of a disability. Phillips earned about $2,100 during an 84–hour work week. Because he worked a two-week on, one-week off schedule, his average weekly wage was calculated at one-third less, $1,375.46. The purpose of

the subsection (a)(1) calculation was evidently to average out temporary highs and lows in a wage employee's earnings. Frequently an issue of fact will arise as to whether an employee would have maintained long hours or high wages throughout the term of the disability. The statute authorizes the AWCB, not the employer, to make this finding. *See also* AS 23.30.-110(a) ("the board may hear and determine all questions in respect to the claim").

■ Phillips argues that Nabors did not dispute his proposed subsection (a)(2) calculation in good faith. We do not find this argument persuasive. Nabors presented evidence that Phillips' wage could not be expected to continue at that rate. For one thing, that rate would yield an annual wage of over $71,500, almost $17,000 more than Phillips had ever actually earned in a year. For another, Phillips' work history included discipline reprimands and termination for cause; he was suspended without pay for 90 days for discipline shortly after he returned to work after recovery from the injury involved here. Although the AWCB did not find this evidence persuasive, we find it sufficient to defeat a claim that Nabors acted in bad faith. Moreover, the fact that there is reasonable evidence against awarding the employee compensation based on his full weekly wage underscores the need for an impartial factfinder to make these decisions.

■ Phillips also argues that the availability of a penalty where no award has been made is itself evidence that the employer must act promptly to pay claims for which a *prima facie* case is made out. The answer to this argument is simply that the only compensation due on the facts presented to the employer was that calculated in accordance with subsection (a)(1). Had Nabors failed to pay or controvert *that* amount, a penalty under AS 23.30.-155(e) would be properly assessed.

We have previously stated that "the whole purpose of the workmen's compensation informal procedures is to get away

9. In cases where it is clear that the AWCB will calculate employees' benefits under subsection (a)(2), the employer *should* provide this rate without a hearing. If the employee must pro-ceed to a board hearing to receive the higher benefit, the employer may be liable for the employee's costs and attorney's fees. AS 23.30.-145.

from cumbersome procedures and reach a correct decision by the shortest and quickest possible route...." *Wilson*, 477 P.2d at 1002. Admittedly AWCB hearings could be avoided if employers always calculated benefits at higher rather than lower rates. Nevertheless, we find that the plain language of the statute and fairness to the employer preclude imposition of a penalty here. *Cf. State v. Gronroos*, 697 P.2d 1047, 1049 (Alaska 1985) (in fairness to the employer, wages of a part-time employee should be calculated based on his current earnings, not on his past earnings as a full-time employee).

We conclude that the superior court correctly ruled that the higher compensation sought by Phillips was not payable without an award. Thus, the court correctly reversed the penalty award made by the AWCB. The superior court's decision is affirmed on this ground.[10]

---

**10.** Because this ground is sufficient to reverse the penalty award, we do not reach Phillips' contention that Nabors failed to controvert his claim in a timely manner.